Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone:   (714) 966-1000
Facsimile:   (714) 966-1002

Attorneys for Chapter 7 Trustee,
Jeffrey I. Golden

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:18-bk-13010-SC |
| LIEZL DIAZ DEOCAMPO AND JULIUS B. DEOCAMPO, | Chapter 7 |
| Debtors. | **SECOND AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES OF COUNSEL FOR THE CHAPTER 7 TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF REEM J. BELLO IN SUPPORT** |
| | [No hearing scheduled] |

1327000.1

1

FEE APPLICATION

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY
JUDGE:**

Weiland Golden Goodrich LLP (the "Firm"), counsel for Jeffrey I. Golden, the
Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Liezl Diaz
Deocampo and Julius B. Deocampo (the "Debtors"), submits its second and final
application for allowance and payment of fees and reimbursement of expenses for the
period from November 26, 2020 through May 18, 2021 (the "Application") pursuant to
11 U.S.C. §§ 330 and 331.  In support of the Application, the Firm submits the attached
Declaration of Reem J. Bello (the "Bello Declaration").

**I.      INTRODUCTION**

During this case, the Firm assisted, advised, and represented the Trustee in
(i) analyzing Debtor's assets and liabilities, and advising the Trustee on these matters,
(ii) developing strategy for recovering assets, including real property occupied by assisted
living tenants, (iii) obtaining cooperation from the Debtors for the turnover and
administration of Estate assets; (iv) negotiating and documenting an agreement for the
preservation of real property, (v) negotiating, documenting and obtaining approval of an
agreement with Debtors for their purchase of the Estate's equity in real property,
(vi) analyzing filed claims, (vii) employing the Estate's professionals, and (vii) the legal
aspects of the administration of the Estate.

The Firm's efforts were necessary and have provided a significant benefit to the
Estate in the form of $335,000 paid to the Estate from Debtors' purchase of the equity in
real property which will allow the Trustee to pay, a significant distribution on all allowed
general unsecured claims.  The Trustee will pay in full all administrative claims and
expenses, including professional fees and expenses.  The Trustee will be making
approximately a 95% distribution to all allowed general unsecured claims.  Given the
benefit provided and the reasonableness of the fees, the Firm is entitled to compensation
as set forth in this Application.  Accordingly, the Firm requests that the Court approve this

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

1  Application, and allow $3,390.78 in attorney's fees and expenses for the period from

2  November 26, 2020 through May 18, 2021, on a final basis.

3

4  **II.**   **STATEMENT OF FACTS**

5      Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on

6  August 16, 2018 (the "Case").  The Case was converted to one under Chapter 7 on

7  March 20, 2019, and Jeffrey I. Golden was appointed the Chapter 7 trustee.

8      Debtors' schedules list the real property located at 14332 Holt Avenue, Santa Ana,

9  California 92705 (the "Property"), with a value of $653,200.00 after deducting 8% costs of

10  sale, and two liens in the amounts of $518,700.00 and $52,506.40.  Debtors claimed a

11  homestead exemption in the amount of $81,993.60 (the "Exemption").  The Property

12  consists of two dwellings:  Debtors' residence; and a detached property occupied by The

13  Century Guest Home Inc., a care home which is owned and operated by Debtors

14  ("Business").

15      The Trustee retained the Firm as his counsel to (i) analyze the assets and liabilities

16  of the Estate and advise the Trustee regarding these matters, including the disposition of

17  assets, and take appropriate action, (ii) assist the Trustee in obtaining a valuation of the

18  Property and in evaluating any leases related to the Business that may affect the value of

19  the Property, (iii) assist with the retention of a real estate broker to sell the Property,

20  (iv) assist the Trustee in selling the Property, if appropriate, for the benefit of the Estate,

21  including preparing the necessary pleadings for the Court to approve the terms of any

22  such sale, participating in any hearings before this Court regarding the sale, including any

23  auction that may occur, and, should the Court approve the sale, taking actions necessary

24  to close the sale, (v) analyze any problematic claims and, if warranted, prepare objections,

25  (vi) provide general advice regarding the Bankruptcy Code and local bankruptcy rules,

26  and (vii) perform any other general tasks as may be required.  By order entered July 22,

27  2019, as Docket No. 74, the Court authorized the Trustee to employ the Firm as his

28  counsel, effective May 9, 2019.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

1  The Trustee employed Coldwell Banker Residential Brokerage (the "Broker") to

2  assist him in selling the Property.  On August 15, 2019, the Trustee filed the *Application of*

3  *the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Residential*

4  *Brokerage and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C.*

5  *§§ 327 and 328* (the "Broker Application").  The Broker Application was approved by order

6  entered September 17, 2019.

7  In addition, the Trustee employed Nussbaum APC ("Nussbaum") as his special

8  counsel.  On January 17, 2020, the Trustee filed the *Application of the Chapter 7 Trustee*

9  *for Order Approving:  (1) Employment of Special Unlawful Detainer Counsel (Nussbaum*

10  *APC) Pursuant to 11 U.S.C. §§ 327 and 328; and (2) Payment of Compensation* which

11  was approved by order entered April 15, 2020.

12

13  **III.  SUMMARY OF PRIOR FEE APPLICATION**

14  On December 16, 2020, a hearing was held on the Firm's first interim fee

15  application (the "First Application").  By order entered the same day, the Court allowed the

16  Firm $60,405.00 in interim fees and $352.50 in interim expenses for the period from

17  May 9, 2019 through November 25, 2020.  The allowed amounts have been paid.

18

19  **III.  CURRENT FEES AND EXPENSES REQUESTED**

20  In this Application, the Firm is requesting allowance of $3,225.00 in final fees for

21  eight hours of work performed from November 26, 2020 through May 18, 2021,

22  reimbursement of $165.78 in final expenses, and payment of the allowed amounts.

23

24  **IV.  CURRENT CASE STATUS**

25  The Firm is informed that there is approximately $270,606.54 of funds in the

26  Estate.  The other known accrued Chapter 7 administrative expenses are the Trustee's

27  statutory fees and costs and the professional fees and expenses of the Trustee's

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000   Fax (714) 966-1002

1 accountant.  The Trustee anticipates that allowed general unsecured claims and

2 administrative claims will be paid in full.

3

4 **V.    SUMMARY OF THE FIRM'S ACTIVITIES IN THE CASE AS COUNSEL TO THE**

5 **CHAPTER 7 TRUSTEE**

6      The chart below summarizes all time and corresponding fees incurred by the Firm

7 during this interim period.  Each category is described in further detail below.

8

| Category | Hours | Fees | Blended Rate |
|---|---|---|---|
| Asset Analysis and Recovery | | | |
| First Period | 102.90 | $53,415.00 | $519.10 |
| Final Period | 2.10 | $1,190.00 | $566.67 |
| Claims Analysis and Objections | | | |
| First Period | 3.90 | $2,340.00 | $600.00 |
| Fee Application | | | |
| First Period | 13.70 | $4,650.00 | $339.42 |
| Final Period | 5.90 | $2,035.00 | $344.92 |
| **Total First Period:** | **120.50** | **$60,405.00** | **$501.29** |
| **Total Final Period:** | **8.00** | **$3,225.00** | **$403.13** |

16 **A.    Asset Analysis and Recovery**

17      **[First Period:  102.90 hours, $53,415.00, blended rate $519.10]**

18           1.    Initial Asset Analysis

19      During the first period, the Firm analyzed the Property which consists of two

20 dwellings:  Debtors' residence; and The Century Guest Home Inc. (the "Business"), a care

21 home which is owned and operated by Debtors.  The Firm analyzed the $653,200.00

22 scheduled value of the Property (after deducting 8% costs of sale), and two liens in the

23 amounts of $518,700.00 and $52,506.40.  The Firm also analyzed Debtors' claimed

24 homestead exemption in the amount of $81,993.60 (the "Exemption").

25           2.    Evaluation of Potential Sale of the Property

26      The Firm obtained and reviewed documents from Debtors, some of which were

27 only obtained after multiple requests and demands for Debtors' cooperation, conferred

28 with the Trustee and the Broker concerning the Broker's valuation of the Property, and

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

1   advised the Trustee on the prospects for selling the Property.  The Firm reviewed

2   admission agreements for residential care facility for the elderly (RCFE) (the "Care

3   Agreements") for the tenants of the Business (collectively, the "Residents") which provided

4   for eviction upon 30 day's written notice to the Residents, including for "change of use of

5   the facility."  In addition, the Firm researched legal issues relating to the operation of the

6   Business, including licensing, rents and insurance issues.

7        Gaining access to the Property for showings was problematic, and the Trustee

8   could not obtain Debtor's cooperation, even for mere access to the Property for an

9   inspection for valuation purposes.  The Firm conferred with the Broker and Debtors'

10  counsel regarding Debtors' failure to cooperate with the Broker.  The Firm also addressed

11  issues concerning the Residents.

12       Following marketing, the Trustee received two purchase offers for the Property,

13  both of which required the Property to be vacant at close of escrow.  The Firm conferred

14  with the Broker about the issue of the Residents and advised the Trustee regarding the

15  issue of the Residents and the need to employ special counsel to prepare, file and

16  prosecute unlawful detainer complaints against the Residents so that the Trustee could

17  accomplish a sale of the Property.  In order for the unlawful detainer work to proceed, the

18  Broker temporarily removed the Property from the MLS.

19              3.    Unlawful Detainer Complaint

20       The Firm conferred with Nussbaum regarding the need to file an unlawful detainer

21  complaint, explained and advised the legal aspects of the bankruptcy process and the

22  proposed sale of the Property, monitored the unlawful detainer complaint filed by

23  Nussbaum, and communicated with the Broker and Debtors' counsel regarding the

24  unlawful detainer action.  Ultimately, the complaint was dismissed once Trustee

25  negotiated a settlement with Debtors regarding the purchase of the equity in the Property.

26              4.    Preservation of the Property

27       Subsequently, Debtors expressed an interest in purchasing the Estate's equity in

28  the Property.  In order to preserve the Property for the Estate and ensure that expenses

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

1   related to the Property, including all mortgage payments, real property taxes, insurance,

2   utilities, homeowner association dues, landscaping costs, maintenance, etc., were paid,

3   the Firm, on behalf of the Trustee, negotiated an agreement with Debtors which set a

4   deadline for Debtors to reach an agreement with the Trustee regarding the buy-back of

5   equity in the Property, after which, if no agreement was reached, all occupants of the

6   Property, including Debtors and Residents, would vacate the Property and the Property

7   would be sold.  The Firm negotiated terms to protect the Estate and the creditors of the

8   Estate, including remedies for the Trustee in the event that Debtors defaulted on the

9   agreement.

10   The Firm prepared and negotiated the terms of the *Stipulation Between Chapter 7*

11   *Trustee and Debtor Regarding Preservation of Real Property for the Benefit of the Estate*

12   *and Payment of Property-Related Expenses* (the "Stipulation") which was filed on April 17,

13   2020.

14                   5.   Sale of Equity in the Property

15   The Firm met with the Debtors and counsel for the Debtors regarding resolution of

16   the Estate's equity in the Property.  Once Debtors expressed interest in purchasing the

17   Estate's equity in the Property, the Firm, on behalf of the Trustee, participated in

18   settlement negotiations with Debtors, through their counsel, for several months, including

19   numerous discussions related to Debtors' ability to obtain financing and procedure for

20   approval of the agreement and remedies in the event that Debtors defaulted on the

21   agreement.

22   In connection with the negotiations, and as described below in the Claims Analysis

23   category, the Firm reviewed the filed proofs of claim and determined that the total amount

24   of allowed general unsecured claims filed is $251,373.63.

25   The Firm ultimate negotiated an equity buyback agreement (the "Agreement")

26   between the Trustee and Debtors which provides for Debtors' purchase of the equity in

27   the Property for a purchase price of $335,000.00 to be paid to the Estate through escrow.

28   The Firm prepared the *Motion for Order Approving Equity Buyback Agreement Between*

*the Trustee and Debtors and Authorizing Disposition of Property of the Estate Pursuant to*

*11 U.S.C. § 363(b)* (the "Motion").  Debtors' lender required approval of the Agreement on

shortened time because the lenders required the closing of the loan to occur in short

order.  Therefore, the Firm prepared and filed a related application for order shortening

notice (the "OST Application") which were filed on August 5, 2020.  The OST Application

was approved by order entered by the Court on August 6, 2020, and the matter was set

for hearing on August 19, 2020.  The Firm prepared and filed the notice of the shortened

time hearing.

The Firm prepared for the hearing on the Motion, reviewed the Court's tentative

ruling, and prepared the order granting the Motion which was entered on August 19, 2020.

Thereafter, the Firm monitored status of the Debtors' funding of their loan, including

responding to inquiries from the lender's counsel, in order to ensure that escrow closed

without delay.

Thus, the Firm's efforts in this category resulted in a benefit of $335,000.00 for the

Estate which will allow the Trustee to pay, in full, all allowed general unsecured claims

and administrative claims, and will enable the Trustee to move forward with closing this

Estate.

**[Final Period:  2.10 hours, $1,190.00, blended rate $566.67]**

During this final period the Firm spent a small amount of time in this category

advising the Trustee on case closing issues.

**B.**    **Claims Analysis and Objections**

**[First Period:  3.90 hours, $2,340.00, blended rate $600.00]**

The claims bar date in this case expired on November 18, 2019.  The Firm

analyzed the filed proofs of claim for possible objections and determined that the total

amount of allowed general unsecured claims filed is $251,373.63.

///

///

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

| Claim | Claimant | Date Filed | Amount/ Classification | Amount Allowed | Comment |
|---|---|---|---|---|---|
| 1 | Capital One Bank (USA), N.A. | 9/24/2018 | $3,172.75 General Unsecured | $3,172.75 | To be paid |
| 2 | Capital One Bank (USA), N.A. | 9/24/2018 | $3,261.22 General Unsecured | $3,261.22 | To be paid |
| 3 | Dell Financial Services, LLC | 9/26/2018 | $2,338.02 General Unsecured | $2,338.02 | To be paid |
| 4 | Capital One Bank (USA), N.A. | 9/26/2018 | $8,388.13 General Unsecured | $8,388.13 | To be paid |
| 5 | Nordstrom, Inc. | 10/8/2018 | $850.37 General Unsecured | $850.47 | To be paid |
| 6 | Bank of America, N.A. | 10/9/2018 | $1,511.41 General Unsecured | $1,511.41 | To be paid |
| 7 | Toyota Motor Credit Corporation | 10/12/2018 | $15,679.64 Secured by vehicle[1] | $0 | N/A |
| 8 | CIT Bank, N.A. | 10/23/2018 | $517,988.35 Secured by the Property  $3,313.21 Arrears as of the Petition Date | $3,313.21 | To be paid |
| 9 | Department Stores National Bank | 10/24/2018 | General Unsecured | $626.46 | To be paid |
| 10 | Merna Lorraine Gibson | 10/24/2018 | $2,000,000.00 General Unsecured | $210,000.00 | $210,000.00 to be paid pursuant to settlement[2] |
| 11 | Wells Fargo Bank N.A. dba Wells Fargo Auto | 10/25/2018 | $17,423.48 Secured by vehicle[3] | $0 | N/A |
| 12 | Rommel V. San Pedro | 1/9/2019 | $5,000,000.00 General Unsecured | $0 | Disallowed per Dkt. #141 |
| 13 | Maria Susana Soriano | 8/14/2019 | $119,164.00 General Unsecured $13,650.00 Priority | $0 | Disallowed per Dkt. #141 |
| 14 | Priscilla Joson | 8/14/2019 | $13,555.24 Priority | $0 | Disallowed per Dkt. #141 |
| 15 | JPMorgan Chase Bank, N.A. | 9/18/2019 | General Unsecured | $1,688.68 | To be paid |

[1] On July 13, 2020, Debtors' counsel indicated that Debtors are making the payments on this vehicle and intend to keep this vehicle.

[2] Claim No. 10 was settled for the amount of $210,000.00, as discussed herein.

[3] On July 13, 2020, Debtor's counsel indicated that Debtors are making the payments on this vehicle and intend to keep this vehicle.

1327000.1

FEE APPLICATION

| | | | | | Total Amount to be Paid: | |
|---|---|---|---|---|---|---|
| 16 | JPMorgan Chase Bank, N.A. | 9/19/2019 | General Unsecured | $9,222.83 | | To be paid |
| 17 | JPMorgan Chase Bank, N.A. | 9/19/2019 | General Unsecured | $6,419.41 | | To be paid |
| 18 | JPMorgan Chase Bank, N.A. | 9/19/2019 | General Unsecured | $581.04 | | To be paid |
| | | | **Total Amount to be Paid:** | **$251,373.63** | | |

In particular, the Firm analyzed Claim No. 10 ("Claim 10") filed on October 24, 2018, by Merna Lorraine Gibson ("Gibson") as a general unsecured claim in the amount of $2,000,000.00.  On March 8, 2020, Debtors filed their motion to disallow Claim 10. Gibson filed an opposition on March 23, 2020.  On June 25, 2020, Debtors and Gibson filed a joint status report and notice of settlement, pursuant to which Claim 10 will be reduced from $2,000,000.00 to $210,000.00.  On July 31, 2020, the *Stipulation to Resolve Debtors' Objection to Claim Number 10* was filed, which provides that Claim 10 will be reduced and amended to a total of $210,000.00 in exchange for Debtors' withdrawal of their objection.  On August 13, 2020, an order was entered approving the stipulation, and on Gibson subsequently filed an amendment to reduce Claim 10 to a total of $210,000.00.

### C.    Fee Applications

**[First Period:  13.70 hours, $4,650.00, blended rate $339.42]**

During the first period, the Firm prepared the notice to retained professionals, reviewed and revised the Firm's billing statements in accordance with United States Trustee guidelines, prepared the First Application and the Trustee's declaration regarding the First Application.

**[Final Period:  5.90 hours, $2,035.00, blended rate $344.92]**

During this final period, the Firm prepared the order on the First Application which was entered on December 16, 2020, and prepared this Application and the Trustee's declaration regarding this Application.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

## VI.    ANALYSIS OF CHAPTER 7 FEES AND COSTS

From November 26, 2020 through May 18, 2021, the Firm expended eight hours representing the Trustee in this proceeding, as more particularly described in Exhibit "1" attached to the Bello Declaration.  Exhibit "1" is a computerized invoice prepared by the Firm based on time records maintained by each professional performing services on behalf of the Trustee.  These records are maintained in the ordinary course of the Firm's business.

Below are the Firm's hourly rates for the individuals rendering services on behalf of the Trustee, the amount of time each individual spent in representation of the Trustee, and a total fee.

| Attorney | Hours | Hourly Rate | Period | Total |
|---|---|---|---|---|
| Reem J. Bello, Attorney | 3.50 | $600 | 2020-2021 | $2,100.00 |
| Cynthia B. Meeker, Paralegal | 4.50 | $250 | 2020-2021 | $1,125.00 |
| TOTAL HOURS: | 8.00 | | TOTAL FEES: | $3,225.00 |

The eight hours resulted in total fees of $3,225.00, creating a blended hourly rate of $403.13.  The rates charged by the Firm are standard for the Firm on legal matters, without considering the size and degree of responsibility, difficulty, complexity or results achieved.  The rates at which the Firm charges its non-bankruptcy clients for similar services are the same.

In addition to the Firm's fees, from November 26, 2020 through May 18, 2021, the Firm advanced out-of-pocket expenses totaling $165.78 as detailed in Exhibit "1" attached to the Bello Declaration.  The Firm's costs are itemized as follows:

| Westlaw research | $165.78 |
|---|---|
| Total: | $165.78 |

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000   Fax (714) 966-1002

**VII.    POINTS AND AUTHORITIES ADDRESSING STANDARD FOR REVIEWING FEE APPLICATION AND REIMBURSEMENT OF EXPENSES**

After notice and a hearing, the court may award an attorney or other professional employed by the estate pursuant to §§ 327 or 1103 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." *See* 11 U.S.C. §§ 330(a)(1)(A) & (B).  In determining the reasonableness of the compensation requested, the court shall consider the following:

> [T]he nature, the extent, and the value of [the services provided], taking into account all relevant factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3)(A)-(E).

"A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee." *Burgess v. Klenske (In re Manoa Finance Co., Inc.)*, 853 F.2d 687, 691 (9th Cir. 1988). Factors ordinarily accounted for in either the hourly rate or the number of hours expended include: (1) the novelty and complexity of issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained.  *See id.*

In this case, the factors set forth in § 330 are met.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

**A.    Time and Labor Required**

From November 26, 2020 through May 18, 2021, the Firm expended a total of eight hours in this case.  The above description of the history of this proceeding and the Firm's representation of the Trustee amply justify this expenditure of time.

**B.    The Services Were Necessary or Beneficial**

As set forth above, the Firm's services were necessary and beneficial.

**C.    Time Spent and Rate Charged Were Reasonable**

**1.    Novelty and Difficulty of the Questions**

The issues in this case, as discussed in more detail above, required the expertise and skills of the Firm.

**2.    Skills Required to Perform the Services Properly**

The preceding remarks illustrate the necessity of the Firm's exceptional bankruptcy knowledge and skills in fulfilling its obligations to the Trustee.

**3.    The Quality of Representation**

The narrative statement concerning the Firm's services reflects that the Firm provided the highest quality of services to the Estate and the Trustee.

**4.    The Result Obtained**

The result obtained is set forth in detail in the narrative statement.

**5.    Customary Fees**

The rates charged by the Firm are normal charges for work performed on legal matters, without considering size and degree of responsibility, difficulty, complexity, or results achieved.

**6.    Whether the Fee is Fixed or Contingent**

As in all bankruptcy proceedings, the Firm's fees in connection with its representation of the Trustee are subject to the discretion of the Court in determining the value of the services rendered to the Estate, and are subject to the availability of the funds of the Estate and are, accordingly, in effect contingent.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

### 7.    Experience, Reputation and Ability of Counsel

The Firm's attorneys have extensive knowledge in insolvency, reorganization and bankruptcy law.  The professionals of the Firm rendering services on behalf of the Trustee have considerable experience and resources available which have greatly assisted them in rendering the services which the Firm has been able to perform in this highly specialized field.  Counsel with lesser experience or available resources might have required additional time in order to render such services.

**REEM J. BELLO** received her undergraduate degrees in political science and English literature from the University of California at Irvine where she graduated magna cum laude, Order of Merit (Top 2% of class) and Phi Beta Kappa.  Ms. Bello received her law degree from the University of Southern California Law School in 1998 where she was a member of the Hale Moot Court Honors Program.   During law school, Ms. Bello served a judicial externship to the Honorable Alan M. Ahart, United States Bankruptcy Judge for the Central District of California, and a judicial externship to the Honorable Kathleen P. March, United States Bankruptcy Judge for the Central District of California.  Upon graduation, Ms. Bello served a judicial clerkship to the Honorable Kathleen P. March, United States Bankruptcy Judge for the Central District of California.

Ms. Bello concentrates her practice on both bankruptcy/insolvency matters and commercial and business litigation. She represents debtors, secured and unsecured creditors, creditors' committees, equity committees and other parties in bankruptcy cases. She has led Chapter 11 reorganization proceedings, from the commencement of a case through to plan confirmation proceedings. Ms. Bello has extensive experience in Chapter 7 liquidation proceedings, representing Chapter 7 trustees in the recovery and liquidation of assets.  She has significant bankruptcy-related litigation experience representing trustees and creditors in adversary proceedings.  Her bankruptcy-related litigation experience includes discovery, briefing, settlement negotiations, mediation and trial in connection with preference, fraudulent conveyance, lien avoidance proceedings, and other adversary proceedings.  She has significant experience handling a wide variety

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

1 of business, commercial and real estate litigation involving discovery, taking and

2 defending depositions, pretrial motions, settlement negotiations and mediation.

3   **CYNTHIA B. MEEKER** received her undergraduate degree from California State

4 University at Fullerton in 1982, and obtained a certificate of legal assistantship from the

5 University of California at Irvine in 1988.

6   **D.   Professional Relationship with the Client**

7   The Trustee is a partner in the Firm.

8

9 **VIII.   NO FEE SHARING ARRANGEMENT**

10   The Trustee is a partner of the Firm, and as such he shares in whatever

11 compensation is received by the Firm.  The Firm also shares in whatever compensation is

12 received by the Trustee.  The Firm has no other fee sharing arrangement, understanding,

13 or compensation sharing arrangement with any other entity, and no part of the fees or

14 expenses awarded to the Firm will be paid to any other entity.

15

16 **IX.   CONCLUSION**

17   The Firm's efforts have conferred substantial benefit to the Estate and the Firm

18 believes that the requested fees and costs are more than reasonable.

19   **WHEREFORE**, the Firm respectfully requests that this Court enter its order:

20   1.   Allowing **$3,225.00** in final fees and **$165.78** in final expenses for the period

21 from November 26, 2020 through May 18, 2021, and authorizing payment of the allowed

22 amounts;

23   2.   Affirming the Court's interim award of **$60,405.00** in fees and **$352.50** in

24 expenses as a final award; and

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

1327000.1

FEE APPLICATION

3.    For such further relief as the Court may deem necessary and appropriate.

Respectfully submitted,

Dated:  June 2, 2021                    WEILAND GOLDEN GOODRICH LLP

By:    */s/ Reem J. Bello*
       REEM J. BELLO
       Counsel for Jeffrey I. Golden,
       Chapter 7 Trustee

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

1327000.1

FEE APPLICATION

## DECLARATION OF REEM J. BELLO

I, Reem J. Bello, declare as follows:

1.      I am a partner in the law firm Weiland Golden Goodrich LLP (the "Firm"), attorneys of record for Jeffrey I. Golden, the Chapter 7 trustee (the "Trustee").  The following is within my personal knowledge, and if called upon as a witness, I could and would testify competently with respect thereto.  I am submitting this declaration in support of the Firm's *Second and Final Application for Allowance and Payment of Fees and Reimbursement of Expenses of Counsel for the Chapter 7 Trustee* (the "Application").

2.      In the ordinary course of its business, the Firm keeps a record of all time expended by its professionals and para-professionals in the rendering of professional services on a computerized billing system as follows:  At or near the time the professional services are rendered, attorneys and other professionals of the Firm either: (1) record in writing on a time sheet the client/matter name or number, the duration of time expended, and a description of the nature of the services performed, or (2) input the time record, including the client/matter number, duration of time expended, a description of the nature of the services performed, and the initials of the professional rendering the service, directly into the Firm's computer billing system.  For the professionals who record their time using written time sheets, the information contained in the time sheets is then transcribed into the Firm's computer billing system.  The Firm's computer billing system keeps a record of all time spent on a client/matter, the professional providing the services and a description of the services rendered.  The Firm's computer billing system automatically multiplies the time expended by each professional by the respective professional's billing rate to calculate the amount of the fee associated.  The Firm conducts its business in reliance on the accuracy of such business records.

3.      I have reviewed the Firm's bills for services rendered in connection with its representation of the Trustee in this case, a copy of which is attached as Exhibit "1."

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

1    4.    It is the Firm's usual practice to allocate work and assignments in an efficient

2  manner to achieve an effective result.  As demonstrated in the Application, the practice

3  has been followed in this case.

4    5.    At any time a reimbursable charge is incurred on behalf of a client, such as

5  photocopy expenses, telecopy charges, and the like, employees of the Firm keep a written

6  record of the file number for which the charges were expended and a brief description of

7  the nature of the expense.  These records are also transcribed into the computer which,

8  together with the records of time spent providing professional services, are transcribed

9  onto monthly bills.

10    6.    With respect to costs for the reproduction of documents, the photocopy

11  operator must manually enter in the system the coded "file" number and "matter" number

12  assigned to that particular case and the number of photocopies made.  Photocopies and

13  scanned documents are charged at $.20 per page.  Attached as Exhibit "1" is a true and

14  correct copy of the expense portion of the Firm's billing statement.

15    7.    The Firm has no fee sharing arrangement, understanding, or compensation

16  sharing arrangement with any other entity, and no part of the attorneys' fees or expenses

17  awarded to the Firm will be paid to any other entity.

18    8.    I have reviewed the requirements of Local Bankruptcy Rule 2016 ("Rule

19  2016").  The Application complies with Rule 2016.

20  ///

21  ///

22  ///

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

9.      I participated in preparing, am familiar with, and have read the Application. To the best of my knowledge, information and belief, the facts in the Application are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of June, 2021, at Costa Mesa, California.

/s/ Reem J. Bello
Reem J. Bello

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

**SUMMARY OF SECOND AND FINAL APPLICATION FOR ALLOWANCE**

**AND PAYMENT OF FEES AND REIMBURSEMENT**

**OF EXPENSES OF COUNSEL FOR THE CHAPTER 7 TRUSTEE**

Current Fees Sought:                                    $3,225.00

Current Expenses Sought:                             $165.78

Compensation Previously Awarded and Paid:      $60,757.50

Compensation by Professional and Date of Bar Admission:

| Attorney or Paralegal | Hours | Hourly Rate | Period | Total | Date of Bar Admission |
|---|---|---|---|---|---|
| Reem J. Bello, Attorney | 3.50 | $600 | 2020-2021 | $2,100.00 | 12/1998 |
| Cynthia B. Meeker, Paralegal | 4.50 | $250 | 2020-2021 | $1,125.00 | N/A |
| **TOTAL HOURS:** | **8.00** | | **TOTAL FEES:** | **$3,225.00** | |

Blended Hourly Rate for this Time Period (including paralegals):     $403.13

Blended Hourly Rate for this Time Period (excluding paralegals):     $600.00

The total amount of accrued expenses of administration is set forth in the Trustee's final

report which is filed concurrently with this Application.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

1327000.1

FEE APPLICATION

# EXHIBIT 1

# WEILAND GOLDEN GOODRICH LLP
### 650 TOWN CENTER DRIVE - SUITE 600
### COSTA MESA, CALIFORNIA 92626
### TELEPHONE: 714-966-1000
### FEDERAL TAX I.D. 47-1879250

MAY 28, 2021

JEFFREY GOLDEN OF COUNSEL                                        OUR FILE:  GOL02.0045
650 TOWN CENTER DRIVE, SUITE 950
COSTA MESA, CA  92626

RE:    LIEZL & JULIUS DEOCAMPO
          INVOICE # 4325
          RESPONSIBLE ATTORNEY:  JEFFREY GOLDEN

STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH MAY 28, 2021

UNPAID BALANCE FORWARD                                                      $ 60,832.50

PROFESSIONAL SERVICES

ASSET ANALYSIS AND RECOVERY

| Date | Init | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/08/21 | CBM | PREPARATION OF NOTICE OF INCREASED HOURLY RATES | 0.20 | @250 | 50.00 |
| 01/14/21 | RJB | PREPARATION OF UPDATE TO TRUSTEE | 0.50 | @600 | 300.00 |
| 01/15/21 | RJB | REVIEW AND REVISE UPDATE TO TRUSTEE | 1.00 | @600 | 600.00 |
| 02/03/21 | RJB | EXCHANGE OF CORRESPONDENCE WITH TRUSTEE RE UD COUNSEL | 0.20 | @600 | 120.00 |
| 05/17/21 | RJB | EXCHANGE OF CORRESPONDENCE WITH TRUSTEE RE OUTSTANDING ISSUES | 0.20 | @600 | 120.00 |
| | | TOTAL ASSET ANALYSIS AND RECOVERY | 2.10 | | $ 1,190.00 |

FEE APPLICATIONS

| Date | Init | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/04/20 | CBM | PREPARATION OF TRUSTEE'S DECLARATION RE INTERIM FEE APPLICATION | 0.30 | @250 | 75.00 |
| 12/14/20 | CBM | REVIEW TRUSTEE'S INSTRUCTION RE HIS DECLARATION | 0.10 | @250 | 25.00 |
| 12/14/20 | CBM | REVIEW COURT'S INSTRUCTION TO FILE TRUSTEE'S DECLARATION | 0.10 | @250 | 25.00 |
| 12/14/20 | CBM | PREPARATION OF INTERIM FEE | 0.20 | @250 | 50.00 |
| 12/15/20 | CBM | PREPARATION OF INTERIM FEE ORDER | 0.40 | @250 | 100.00 |
| 12/16/20 | RJB | REVIEW AND REVISE FEE ORDER | 0.10 | @600 | 60.00 |
| 12/16/20 | CBM | PREPARATION OF INTERIM FEE ORDER | 0.10 | @250 | 25.00 |
| 12/16/20 | CBM | REVIEW ENTERED FEE ORDER | 0.10 | @250 | 25.00 |
| 04/27/21 | CBM | PREPARATION OF FINAL FEE APPLICATION | 0.20 | @250 | 50.00 |
| 04/29/21 | CBM | PREPARATION OF FINAL FEE APPLICATION | 0.40 | @250 | 100.00 |

EXHIBIT 1    PAGE 21

PAGE 2
MAY 28, 2021
STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH MAY 28, 2021
LIEZL & JULIUS DEOCAMPO
OUR FILE:  GOL02.0045

| | | | | | |
|---|---|---|---|---|---|
| 05/10/21 | CBM | PREPARATION OF FINAL FEE APPLICATION | 0.40 | @250 | 100.00 |
| 05/11/21 | CBM | REVIEW AND REVISE INVOICE IN PREPARATION OF FINAL FEE APPLICATION | 0.20 | @250 | 50.00 |
| 05/11/21 | CBM | PREPARATION OF FINAL FEE APPLICATION | 0.30 | @250 | 75.00 |
| 05/14/21 | CBM | PREPARATION OF NARRATIVE OF FINAL FEE APPLICATION | 0.90 | @250 | 225.00 |
| 05/14/21 | CBM | EXCHANGE OF E-MAIL WITH L. WERNER RE ESTATE FUNDS | 0.10 | @250 | 25.00 |
| 05/17/21 | CBM | PREPARATION OF FINAL FEE APPLICATION | 0.50 | @250 | 125.00 |
| 05/17/21 | RJB | REVIEW AND REVISE FINAL FEE APPLICATION | 1.50 | @600 | 900.00 |
| | | TOTAL FEE APPLICATIONS | 5.90 | | $ 2,035.00 |

## SUMMARY OF SERVICES

| | | | | |
|---|---|---|---|---|
| CBM | CYNTHIA B. MEEKER | 4.50 hrs  @ 250.00 | $ | 1,125.00 |
| RJB | REEM J. BELLO | 3.50 hrs  @ 600.00 | $ | 2,100.00 |
| | TOTAL PROFESSIONAL SERVICES | | 8.00 | $ 3,225.00 |

COSTS AND DISBURSEMENTS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 12/01/20 | WESTLAW ONLINE RESEARCH CHARGES FOR DECEMBER 2020 | 109.98 |
| 02/01/21 | WESTLAW ONLINE RESEARCH CHARGES FOR JANUARY 2021 | 55.80 |
| | TOTAL COSTS AND DISBURSEMENTS | $   165.78 |

TOTAL CURRENT CHARGES                                              $ 3,390.78

EXHIBIT 1    PAGE 22

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Second and Final Application for Allowance and Payment of Fees and Reimbursement of Expenses of Counsel for the Chapter 7 Trustee; Memorandum of Points and Authorities; and Declaration of Reem J. Bello in Support</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>June 2, 2021</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Reem J Bello    rbello@wgllp.com,
kadele@ecf.courtdrive.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com;lbracken@wgllp.com
Brett F Bodie    brett.bodie@blc-sd.com, 9135191420@filings.docketbird.com
Jeffrey I Golden (TR)    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
James D. Hornbuckle    jdh@cornerstonelawcorp.com
Ahren A Tiller    ahren.tiller@blc-sd.com, 4436097420@filings.docketbird.com;brett.bodie@blc-sd.com;anika@blc-sd.com;derek@blc-sd.com;kreyes@blc-sd.com;megan@blc-sd.com;nicole@blc-sd.com;danny@blc-sd.com;angie@blc-sd.com
Edward A Treder    cdcaecf@bdfgroup.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>June 2, 2021</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Julius B. Deocampo
Liezl Diaz Deocampo
14332 Holt Avenue
Santa Ana, CA 92705-3263

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>June 2, 2021</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/2/2021 | Lindsay Bracken | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.